UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNATHAN ROBINSON,

        Plaintiff,                      Case No. 2:07-cv-78

v.                                          Honorable Gordon J. Quist

UNKNOWN SCHERTZ et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I. Factual allegations

Plaintiff is presently incarcerated in the Alger Maximum Correctional Facility (LMF). In his *pro se* complaint he sues LMF Corrections Officer (Unknown) Schertz and LMF Warden David Bergh.

Plaintiff alleges that he was hospitalized for attempting to commit suicide. Upon his release and return to LMF, he was placed in an observation cell, which was continuously monitored by a video camera. Defendant Schertz was overheard stating that he was going to "teach [Plaintiff] a lesson for playing the suicide game," and was "going to make this fucker pay so that he will think next time before he plays the game." After Plaintiff was transferred from the observation cell, Defendant Schertz issued a major misconduct report claiming that Plaintiff had ripped the suicide prevention blanket, which he used while in the observation cell. A hearing on the major misconduct report was held, and Plaintiff was found not guilty. The hearing officer's decision was primarily based on the video tape showing Plaintiff being escorted from the cell, and, shortly thereafter, Officer Berg removing the undamaged suicide prevention blanket from the cell and placing it in the hallway. Officer Schertz retrieved the blanket from the hallway.

Plaintiff contends that Defendant Schertz issued the major misconduct report in retaliation for Plaintiff causing him extra work. Plaintiff claims that Defendants violated the First and Eighth Amendments and his substantive due process rights. For relief, Plaintiff seeks monetary damages and an order directing Defendant Bergh to suspend Officer Schertz as required by Michigan Department of Corrections' (MDOC) policy.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Defendant Bergh**

Plaintiff claims that any employee who violates MDOC policy must be (1) suspended if the violation affects the order and security of the work site, *see* MICH. DEP'T OF CORR., Policy Directive 02.03.100, ¶ N (effective May 15, 2005), and (2) discharged for falsifying documents. *See id.*, ¶ A. Defendant Bergh has failed to discharge or suspend Defendant Schertz, or taken any other disciplinary action.

Defendant Bergh's alleged failure to comply with an MDOC policy directives does not rise to the level of a constitutional violation. Because Plaintiff does not enjoy any federally protected liberty or property interest in state procedure, *see Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994); *Siddiq v. Edlund*, 8 F. App'x 522, 524 (6th Cir. 2001) ("The mandatory language of a prison policy no longer suffices to create a protected liberty interest"), his claims under § 1983 may not be based upon alleged violations of state

law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687 at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Accordingly, Plaintiff has failed to state a cognizable claim against Defendant Bergh.

### B.  Defendant Schertz

Plaintiff claims that in violation of his First Amendment, Eighth Amendment and substantive due process rights, Defendant Schertz issued the major misconduct report for purposes of retaliation.  It is well established that retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  To state a retaliation claim, a plaintiff must establish that (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *See id.*  A plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  Plaintiff fails to satisfy the first requirement under *Thaddeus-X* – that he was engaged in conduct protected by the Constitution.  His allegations clearly demonstrate that Defendant Schertz's actions were not taken in retaliation for Plaintiff engaging in conduct protected by the First Amendment.  Plaintiff maintains that Defendant Schertz's actions were taken because Plaintiff had caused Schertz extra work.  With regard to his Eighth Amendment

claim, Plaintiff makes the tenuous argument that by being placed in the observation cell, which made more work for Defendant Schertz, he was pursuing his Eighth Amendment right to adequate medical treatment. However, attempting suicide is not constitutionally protected conduct. Moreover, it was not Plaintiff's decision to be placed in the observation cell after he was released from the hospital, nor, under the circumstances, could he have avoided being placed there.

Plaintiff additionally claims that Defendant Schertz's actions violated Plaintiff's substantive due process rights. Under principles of substantive due process, a plaintiff must show that the alleged conduct constitutes an egregious abuse of government power or otherwise shocks the conscious. *McLaurin v. Cole*, 115 F.3d 408, 410-11 (6th Cir. 1997). Thus, Defendant Schertz's filing of false misconduct charges violates substantive due process only if it constitutes an "egregious abuse of government power." *Id.*; *Cale v. Johnson*, 861 F.2d 943, 949-50 (6th Cir. 1988). In numerous decisions, the Sixth Circuit has held that the filing of a misconduct charge, even if false, does not constitute an egregious abuse of governmental power. *See McLaurin*, 115 F.3d at 411 (district court properly dismissed claim of retaliation where defendant's filing major misconduct ticket was not egregious abuse of government power); *Riley v. Evans*, No. 94-1666, 1994 WL 652778, at *1 (6th Cir. Nov. 18, 1994) (no constitutionally protected immunity from being falsely accused; filing false misconduct charge in retaliation does not demonstrate egregious abuse of government power); *Green v. Dalsky*, No. 95-1557, 1996 WL 253874, at *1 (6th Cir. May 13, 1996) (false misconduct charge was not egregious abuse of government power); *Taylor v. Brown*, No. 93-1172, 1993 WL 415316, at *2 (6th Cir. Oct. 18, 1993) (same as *Riley*, 1994 WL 652778, at *1); *Williams v. Smith*, 717 F. Supp 523, 524 (W.D. Mich. 1989) (no egregious abuse of power when corrections officer, whose authority included ensuring that prison rules and procedures are followed,

issued misconduct accusing plaintiff of filing a frivolous grievance). Cases in which the Sixth Circuit has found misconduct charges to be sufficiently shocking or egregious are few and involve extreme circumstances, such as framing a prisoner by surreptitiously planting illegal drugs on the inmate. *See Cale*, 861 F.2d at 949-50 (prison officials planted illegal drugs on inmate in retaliation for his complaints regarding prison food); *Abdur-Rahman v. Meyer*, No. 95-2321, 1997 WL 148804, at *2 (6th Cir. Mar. 31, 1997) (plaintiff claimed that prison officials maliciously framed him and then falsely charged him with a major misconduct). Defendant Schertz's alleged actions, while clearly not commendable, do not constitute a violation of Plaintiff's substantive due process rights. I therefore conclude that Plaintiff has failed to state a claim against Defendant Schertz.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley  
    TIMOTHY P. GREELEY  
    UNITED STATES MAGISTRATE JUDGE

Dated: June 13, 2007

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).