UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————

JONATHAN ROBINSON,

        Plaintiff,

v.                                      Case No. 2:07-CV-78

UNKNOWN SCHERTZ et al.,        HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the report and recommendation dated June 13, 2007, in which Magistrate Judge Greeley recommended that Plaintiff's complaint be dismissed for failure to state a claim. The magistrate judge noted that Plaintiff's claim that Defendant Bergh failed to follow state procedures by not suspending Defendant Schertz for fabricating a major misconduct report against Plaintiff fails to state a claim because Plaintiff has no protected liberty or property interest in state procedure. Regarding Plaintiff's claim against Defendant Schertz, the magistrate judge concluded that Plaintiff failed to state a claim for retaliation in violation of his First Amendment rights because Plaintiff's allegations showed that Plaintiff was not engaged in protected conduct. Similarly, the magistrate judge concluded that Plaintiff's Eighth Amendment claim lacked merit because placing Plaintiff in the suicide observation cell did not constitute denial of adequate medical treatment. Finally, the magistrate judge concluded that Plaintiff's claim under substantive due process is without merit. After conducting a *de novo* review of the report and recommendation, the Court will accept it in part and reject it in part.

The Court first addresses Plaintiff's allegations regarding Defendant Schertz. Regarding the First Amendment issue, Plaintiff does not address this claim and the Court agrees with the magistrate judge that Plaintiff has not alleged that he engaged in any conduct protected by the First Amendment.

Although Plaintiff does address his Eighth Amendment claim, the Court also agrees with the magistrate judge that Plaintiff's allegations fail to show that he engaged in conduct protected by the Eighth Amendment, as attempting suicide is not constitutionally protected conduct and Plaintiff had no choice about his placement in the suicide observation cell. However, the Court disagrees with the magistrate judge regarding his conclusion that Plaintiff fails to state a claim for violation of substantive due process.

In *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988), the plaintiff alleged that prison guards violated his substantive due process rights by falsely accusing him of possessing marijuana and placing him in administrative segregation in retaliation for his complaints concerning the quality of food. The court noted that the standard for malicious prosecution-type substantive due process claims was "whether defendants' conduct 'shocks the conscience.'" *Id.* at 949 (quotations omitted). The Court concluded that the plaintiff's allegations – that the defendants maliciously framed him for an offense, thereby subjecting him to a risk of prolonged incarceration resulting from the loss of good-time credits – demonstrated an egregious abuse of governmental power sufficient to support a substantive due process violation. *Id.* at 950. *See also Abdur-Rahman v. Meyer*, No. 95-2321, 1997 WL 148804, at *2 (6th Cir. Mar. 31, 1997) (concluding that the plaintiff-inmate could establish a substantive due process claim if he could show that the defendants acted in retaliation for his complaints by issuing a false misconduct charge). More recently, in *Scott v. Churchill*, 377 F.3d 565 (6th Cir. 2004), in addressing the issue of qualified immunity, the court rejected the defendant's attempt to distinguish *Cale*. The defendant argued that *Cale* was distinguishable because the defendants in *Cale* had someone plant drugs on the plaintiff and they actually placed him in administrative segregation, whereas in *Scott* the defendant merely filed a false misconduct charge, and the plaintiff was never placed in administrative segregation. *See id.* at 571-72. The court

rejected both arguments, noting first that there is not basis for distinguishing between planting drugs on a prisoner and giving false testimony against a prisoner, and second, that the focus of *Cale* was not upon the brief administrative detention, but rather upon the *danger* of further loss of liberty entailed by potential administrative detention and loss of good-time credit.  *See id.*

In this case, Plaintiff alleges that Defendant Schertz attempted to frame him by filing a false misconduct report alleging that Plaintiff ripped the suicide prevention blanket while he was in the cell.  Plaintiff further alleges that Defendant Schertz was overheard saying that he intended to teach Plaintiff a lesson to make him think next time before playing "the suicide game."  The Court concludes that these allegations are sufficient under *Cale* to give rise to a substantive due process claim, especially because Plaintiff alleges that the false charges subjected him to the possibility of loss of liberty through segregation and loss of good-time credits.  The fact that Plaintiff did not engage in protective conduct is of no moment, because the act of framing an inmate and creating the potential for administrative segregation or loss of good-time credits is sufficiently egregious to support a substantive due process claim.

Regarding Plaintiff's claim against Defendant Bergh, the Court agrees with the magistrate judge that Plaintiff does not have any federally protected liberty or property interest in state procedure, and Plaintiff does not argue otherwise.  However, Plaintiff cites *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241 (6th Cir. 1989), *Hays v. Jefferson County*, 668 F.2d 869 (6th Cir. 1982), and other cases for the proposition that in an official capacity suit a plaintiff need not make a showing of supervisory liability.  Plaintiff further avers that Bergh's inaction and failure to discipline Schertz and other officers under his direction effectively encouraged, or can be seen as a tacit approval of, the unconstitutional conduct of Schertz and other offending employees.  Finally, Plaintiff points out that the only relief he seeks in this case against Defendant Bergh is an injunction requiring Bergh to suspend Schertz or to take some other form of disciplinary action against him.

Plaintiff's complaint fails to indicate whether he is suing Defendant Bergh individually or in his official capacity, but based upon its review of Plaintiff's objections, the Court determines that Plaintiff intends to assert an official capacity claim. A suit against a state official in his official capacity is "not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989). Such claims are deemed to be against the state and are therefore barred by the Eleventh Amendment. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). An exception to this rule is that the Eleventh Amendment does not bar suits against state officials in their official capacities seeking prospective injunctive relief for actions taken as part of their official duties. *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908). While Plaintiff's claim against Defendant Bergh might appear to fall within this exception, it does not fit within *Ex parte Young* because Plaintiff seeks retrospective, not prospective, injunctive relief. That is, Plaintiff requests an order requiring Bergh to discipline Schertz for Schertz's past acts. Thus, Plaintiff's claim against Defendant Bergh must be dismissed. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 13, 2007 (docket no. 3) is **ADOPTED IN PART AND REJECTED IN PART**. The Report and Recommendation is adopted with regard to Plaintiff's claim against Defendant Bergh and with regard to Plaintiff's First and Eighth Amendment claims against Defendant Schertz. The Report and Recommendation is rejected with regard to Plaintiff's substantive due process claim against Defendant Schertz, which may proceed.

Dated: December 14, 2007                    /s/ Gordon J. Quist
                                            GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE