UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

JOHNATHAN ROBINSON,

       Plaintiff,

v.                                      Case No. 2:07-CV-78

UNKNOWN SCHERTZ, et al.,           HON. GORDON J. QUIST

       Defendants.
_____/

## ORDER REJECTING
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the magistrate judge's report and recommendation dated January 23, 2009, in which Magistrate Judge Greeley recommended that Defendant's motion for summary judgment be granted on Plaintiff's remaining claim. The magistrate judge noted that Plaintiff's Eighth Amendment and substantive due process claims were dismissed by previous order entered on December 14, 2007. The magistrate judge then concluded that Defendant Schertz is entitled to summary judgment on Plaintiff's remaining First Amendment retaliation claim because Plaintiff did not engage in any protected conduct; that is, attempting suicide is not constitutionally protected conduct. Finally, the magistrate judge concluded that Defendant is entitled to qualified immunity.

After conducting a *de novo* review of the report and recommendation and relevant portions of the record, and having considered Plaintiff's objections, the Court concludes that the report and recommendation should be rejected.

In his objections, Plaintiff raises several issues concerning his Eighth Amendment and retaliation claims. The Court will disregard those objections because those claims were dismissed

in the December 14, 2007, Order. However, Plaintiff correctly notes that in that Order, this Court said that his allegations were sufficient to support a substantive due process claim. This is where the magistrate judge erred because the previous Order dismissed the Eighth Amendment claim *and* the First Amendment retaliation claim but did not dismiss the substantive due process claim. This error was precipitated by Defendant Schertz' motion, which sought summary judgment solely upon the retaliation claim and solely upon the ground that attempting suicide is not constitutionally protected conduct. However, that claim had already been dismissed upon the asserted ground. Defendant's motion failed to address in any manner the remaining substantive due process claim.

Conceivably, the Court could conclude that Defendant is nonetheless entitled to summary judgment because he submitted an affidavit in which he denied making any statement or telling anyone that he intended to teach Plaintiff a lesson for "playing the suicide game." Plaintiff failed to submit an affidavit disputing this statement, as required by Fed. R. Civ. P. 56(e). However, the focus of Defendant's motion was not upon an absence of evidence to support a substantive due process claim, but upon the contention that attempted suicide cannot support a First Amendment retaliation claim. Because Defendant failed to move for summary judgment upon the remaining claim at issue, the Court concludes that it would be improper to grant summary judgment upon a ground not raised in the motion. Moreover, the Major Misconduct Hearing Report attached to the complaint provides some support for Plaintiff's claim:

> Finally, it didn't help matters when the officer claimed that when he made his round "that cell 223 still had a suicide blanket & gown in it." The video showed otherwise. The video showed that the blanket was removed out of the cell more than an hour before that and showed the officer picking up the blanket out of the hall. This did nothing for the officer's credibility and his claim that the blanket had no rips in it when it was issued to the prisoner. There is not enough of credible evidence to make a finding that it was the prisoner that had damaged the blanket. Charge not upheld.

(Compl. Ex. 2.)

2

While this evidence alone would be insufficient to support a substantive due process claim because it is equally plausible that Defendant Schertz simply made a mistake, Plaintiff's allegation that Defendant said he intended to teach Plaintiff a lesson would be sufficient to create a genuine issue of material fact. Of course, whether there is a genuine issue of material fact remains an open issue, because Defendant sought summary judgment on a dismissed claim. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 23, 2009 (docket no. 25) is **REJECTED**, and Defendant's Motion For Summary Judgment (docket no. 14) is **DENIED**.

Dated: March 24, 2009 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE