UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHNATHAN ROBINSON,

        Plaintiff,                  Case No. 2:07-cv-78

v.                                  Honorable Gordon J. Quist

UNKNOWN SCHERTZ et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Johnathan Robinson, an inmate currently confined at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against LMF Corrections Officer (Unknown) Schertz and LMF Warden David Bergh.

Plaintiff's complaint alleges that he was hospitalized for attempting to commit suicide. Upon his release and return to LMF, he was placed in an observation cell, which was continuously monitored by a video camera. Defendant Schertz was overheard stating that he was going to "teach [Plaintiff] a lesson for playing the suicide game," and was "going to make this fucker pay so that he will think next time before he plays the game." After Plaintiff was transferred from the observation cell, Defendant Schertz issued a major misconduct report claiming that Plaintiff had ripped the suicide prevention blanket, which he used while in the observation cell. A hearing on the major misconduct report was held, and Plaintiff was found not guilty. The hearing officer's decision was primarily based on the video tape showing Plaintiff being escorted from the cell, and, shortly thereafter, Officer Berg removing the undamaged suicide prevention blanket from the cell and placing it in the hallway. Officer Schertz retrieved the blanket from the hallway.

Plaintiff contends that Defendant Schertz issued the major misconduct report in retaliation for Plaintiff causing him extra work. Plaintiff claims that Defendants violated the First and Eighth Amendments and his substantive due process rights. For relief, Plaintiff seeks monetary damages and an order directing Defendant Bergh to suspend Officer Schertz as required by Michigan Department of Corrections' (MDOC) policy.

On December 14, 2007, the court dismissed all of Plaintiff's claims against Defendant Bergh, as well as Plaintiff's Eighth Amendment and retaliation claims against Defendant Schertz. (*See* docket #5.) Defendant Schertz filed his first motion for summary judgment, which was denied by the court on March 24, 2009. (*See* docket #28.)

Presently before the Court is Defendant Schertz' second motion for summary judgment, which he filed pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Because both sides have asked that the Court consider evidentiary materials beyond the pleadings, the standards applicable to summary judgment apply. *See* Fed. R. Civ. P. 12(b).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff alleges that Defendant Schertz violated his substantive due process rights. Plaintiff claims that Defendant Schertz attempted to frame him by filing a false misconduct report alleging that Plaintiff ripped the suicide prevention blanket while he was in the cell. Plaintiff also asserts that Defendant Schertz was overheard saying that he intended to teach Plaintiff a lesson to make him think next time before playing the "suicide game."

In *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988), the Sixth Circuit noted that the standard for malicious prosecution type substantive due process claims was "whether defendants' conduct 'shocks the conscience.'" *Id.* at 949 (quotations omitted). The court previously noted that Plaintiff's allegations were sufficient to state a substantive due process claim under *Cale*.

In his brief in support of the motion for summary judgment, Defendant asserts that, pursuant to *Graham v. Connor*, 490 U.S. 386, 395 (1989), Plaintiff's substantive due process claim regarding the false misconduct should be analyzed under the standards applicable to the Procedural Due Process Clause and the First Amendment because they provide an explicit textual source of constitutional protection against a particular sort of government behavior. In support of this

assertion, Defendant Schertz cites *Matthew Catanzaro v. Michigan Department of Corrections, et al.*, Case No. 1:09-cv-2 (W.D. Mich., Mar. 12, 2009), which addressed the issuance of allegedly false major and minor misconduct tickets and found that the Substantive Due Process Clause did not provide any basis for relief.

In *Matthew Catanzaro v. Michigan Department of Corrections*, the court analyzed the plaintiff's claims regarding allegedly false misconduct tickets as claims for retaliation and the violation of procedural due process rights. As noted above, Plaintiff's retaliation claims were previously dismissed. With regard to any alleged violation of the Procedural Due Process Clause, the record in this case establishes that if Plaintiff had a right implicating the due process protections of the Constitution, Plaintiff received due process of law. In all cases where a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. This due process of law gives the person the opportunity to convince an unbiased decision maker that, for example, he has been wrongly or falsely accused or that the evidence against him is false. *Zinermon v. Burch*, 494 U.S. 113, 127-28, 110 S. Ct. 975, 984 (1990). The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284, n.9, 100 S. Ct. 553, 558, n. 9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon*, 494 U.S. at 125, 110 S. Ct. at 983 (1990) (emphasis in original). Further, an inmate has no right to counsel in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 569-70, 94 S. Ct. 2963, 2981 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1263 (6th Cir. 1986). In this

case, Plaintiff received a hearing on the misconduct and was found not guilty. Therefore, any procedural due process claim Plaintiff might be asserting is properly dismissed.

However, Defendant Schertz fails to address the fact that in the December 14, 2007, order (docket #5), the court found that Plaintiff stated a substantive due process claim by alleging that Defendant Schertz attempted to frame him by filing a false misconduct report where the false charges subjected Plaintiff to the possibility of loss of liberty through segregation and loss of good-time credits. *Scott v. Churchill, 377 F.3d 565 (6th Cir.2004)* (providing false testimony against a prisoner violated substantive due process); *Cale v. Johnson, 861 F.2d 943 (6th Cir.1988)* (The Court concluded that the plaintiff's allegations-that the defendants maliciously framed him for an offense, thereby subjecting him to a risk of prolonged incarceration resulting from the loss of good-time credits-demonstrated an egregious abuse of governmental power sufficient to support a substantive due process violation.").

Defendant Schertz contends that he issued the misconduct ticket because he believed that the blanket was not ripped when he gave it to Plaintiff, and it was discovered to be ripped after it was removed from Plaintiff's custody. In Defendant Schertz' affidavit, he attests:

4. I wrote a misconduct ticket (027) Destruction or Misuse of Property with a Value of $10.00 or More on December 5, 2006, I erred in the way the misconduct was initially written, by stating that the blanket was still in the cell, when instead it was outside the cell, after being removed from the cell by the 6-2 shift, approximately one hour prior to me coming on shift. The blanket was outside the cell.

5. I know that the plaintiff was just removed from the cell, and that the blanket was not ripped when it was issued to him. Also, from the time that Plaintiff left the cell until the time that I came onto shift, was not long enough for someone else to rip it. The wing camera would not have captured the act.

6. The Hearings Officer states this rip would have taken a long time, I would not have had enough time to rip the blanket myself. The Hearings Officer states

      that the plaintiff appeared to be asleep most of the time, but when covered up, the camera cannot show what the prisoner is doing under the blanket.

7. According to the hearing report, the video does show me taking the blanket from the floor outside the cell, which prisoner Robinson states is true. I knew prisoner Robinson was the last person to have possession of the blanket, just prior to me coming on shift.

8. The blanket was still in the hallway, which the camera shows, and there is no way that any officer would have given prisoner Robinson the blanket in the shape I found it in, with a two-foot rip.

9. I believe that prisoner Robinson is clearly trying to manipulate the system, since he beat the misconduct on a minor error on my part. Prisoner Robinson was not charged for the blanket.

10. I was not trying to falsify the misconduct wrote [sic] on prisoner Robinson. I was not trying to set up or penalize prisoner Robinson for allegedly causing more work, as he alleges. I was doing my job by verifying who last had possession of the blanket, writing him up for the damage he had done, and trying to get restitution for the damage of the blanket.

(*See* Defendant Schertz' Exhibit A, docket #17.)

      In response to Defendant Schertz' motion for summary judgment, Plaintiff submits his affidavit, in which he attests that Defendant Schertz was overheard stating that he was going to teach Plaintiff a lesson for playing the suicide game, and that he was going to "make this fucker pay so that he will think next time before he plays the game." (Plaintiff's Exhibit A, docket #34.) Plaintiff states that video footage shows him getting dressed and leaving the observation cell at 11:27 a.m. Plaintiff further states that the footage shortly thereafter shows Corrections Officer Berg coming into the cell and removing the suicide prevention blanket and gown with no visible damage. Finally, Plaintiff asserts that the fact that he was found not guilty of the misconduct, along with the other evidence, is sufficient to raise a genuine issue of material fact regarding whether Defendant Schertz violated his substantive due process rights.

As noted above, the court previously found that Plaintiff stated a substantive due process claim by alleging that Defendant Schertz attempted to frame him by filing a false misconduct report where the false charges subjected Plaintiff to the possibility of loss of liberty through segregation and loss of good-time credits. In the opinion of the undersigned, Plaintiff has succeeded in showing the existence of a genuine issue of material fact with regard to this claim.

Defendant Schertz also claims that he is entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 816. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified immunity is warranted. The court may consider either approach without regard to sequence. *Id*. As previously noted by the court, Defendant Schertz' alleged misconduct

constituted a violation of the substantive due process clause. Therefore, Defendant Schertz is not entitled to summary judgment.

In summary, in the opinion of the undersigned, Plaintiff has sustained his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (docket #29) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
      TIMOTHY P. GREELEY
      UNITED STATES MAGISTRATE JUDGE

Dated: January 28, 2010