UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———————————————

JOHNATHAN ROBINSON,

        Plaintiff,

v.                                                  Case No. 2:07-CV-78

UNKNOWN SCHERTZ, et al.,              HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

The Court has before it Defendant's objections to the magistrate judge's report and recommendation dated January 28, 2010, in which Magistrate Judge Greeley recommended that Defendant's motion for summary judgment be denied. The magistrate judge rejected Defendant's assertion that Plaintiff's substantive due process claim should be analyzed under Procedural Due Process and First Amendment standards, noting that in its December 14, 2007, Order, this Court found that Plaintiff stated a substantive due process claim by alleging that Defendant attempted to frame Plaintiff by filing a false misconduct report. In that Order, this Court concluded that the Sixth Circuit's decision in *Cale v. Johnson*, 861 F.2d 943 (6th Cir. 1988), supported Plaintiff's claim. The magistrate judge also concluded that Plaintiff established the existence of a genuine issue of material fact through his affidavit. Finally, the magistrate judge concluded that Defendant is not entitled to qualified immunity.

After conducting a *de novo* review of the report and recommendation and relevant portions of the record, and having considered Defendant's objections, the Court concludes that the report and recommendation should be adopted.

In his objections, Defendant raises two principal arguments. First, Defendant argues that *Cale* does not apply because Plaintiff could not have been subjected "'to a risk of prolonged incarceration resulting from the loss of good-time credits.'" (Objections at 5 (quoting *Bell v. Johnson*, 308 F.3d 594, 608 (6th Cir. 2002)). Defendant asserts that this is so because Plaintiff had already been found guilty of another major misconduct prior to the major misconduct hearing at issue in this case and, thus, Plaintiff had already lost the five days of disciplinary credits for December 2006. Second, Defendant argues that "courts have consistently held that where a prisoner has the opportunity for a hearing on the merits, no substantive due process claim is stated." (Objections at 6.)

The Court notes that Defendant failed to raise these specific arguments before the magistrate judge. It is therefore appropriate for the Court to deem them waived. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 307 n.27 (5th Cir. 1999) (noting that a district court has power "to decide that legal arguments not raised before a magistrate judge are waived"); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (issues not raised until objections to magistrate judge's report are deemed waived); *McGee v. United States*, No. 1:08-CV-154, 2010 WL 520708, at *3 (W.D. Mich. Feb. 8, 2010) ("Because McGee did not raise these arguments before the Magistrate Judge, he may not raise them now." (citation omitted).) "A party has a duty to put its best foot forward before the magistrate: to spell out its arguments squarely and distinctly. One should not be allowed to defeat the system by seeding the record with mysterious references to unpled claims, hoping to set the stage for an ambush should the ensuing ruling fail to suit." *Patterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988). Defendant's instant motion for summary judgment is not his first. Rather, Defendant has now had two opportunities to present his summary judgment arguments, and over the course of his two motions, Defendant was fully able

to present all his arguments to the magistrate judge. By failing to do so, Defendant has waived these new arguments.

Citing his affidavit, Defendant contends that he issued the misconduct ticket for reasons other than to punish Plaintiff for exercising his First Amendment rights. Defendant erroneously continues to assert that Plaintiff's exercise of his First Amendment rights has any bearing on his substantive due process claim. It does not. As the magistrate judge observed, the Court already dismissed Plaintiff's First Amendment retaliation claim because Plaintiff was not engaged in protected conduct. However, the absence of a First Amendment claim does not preclude a substantive due process claim. As the Sixth Circuit observed in *Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002), although the *Cale* court referred to the First Amendment, it "drew the 'shocks the conscience' standard from a malicious prosecution case and a case involving child custody rights, not from First Amendment cases." *Id.* at 608. In other words, "[t]he *Cale* court made reference to the First Amendment only in its condemnation of the defendants' motives." *Id.* Moreover, the Court agrees with the magistrate judge that Plaintiff's affidavit creates a genuine issue of material fact sufficient to defeat Defendant's motion. Based upon Plaintiff's affidavit, Defendant's assertion that he did not rip the blanket is a disputed issue of material fact that precludes summary judgment. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 28, 2010 (docket no. 36) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment (docket no. 36) is **DENIED**.

Dated: March 22, 2010    /s/ Gordon J. Quist
                          GORDON J. QUIST
                          UNITED STATES DISTRICT JUDGE